JS-6

1 | JONATHAN E. NUECHTERLEIN
General Counsel
2 | CHARLES A. HARWOOD
Regional Director
3 | LAURA M. SOLIS (WA Bar No. 36005)
Email: lsolis@ftc.gov
4 | JULIE K. MAYER (WA Bar No. 34638)
Email: jmayer@ftc.gov
5 | SOPHIE H. CALDERÓN (CA Bar No. 78135)
Email: scalderon@ftc.gov
6 | Federal Trade Commission
915 Second Avenue, Suite 2896
7 | Seattle, WA 98174
Telephone: (206) 220-6350 / Facsimile: (206) 220-6366
8 | RAYMOND E. McKOWN (CA Bar No. 150975)
Email: rmckown@ftc.gov
9 | Federal Trade Commission
10877 Wilshire Blvd., Suite 700
10 | Los Angeles, CA 90024
Telephone:  (310) 824-4325 / Facsimile: (310) 824-4380
11 |
12 | Attorneys for Plaintiff
Federal Trade Commission
13 | STEPHEN G. LARSON (CA Bar 145225)
MICHAEL M. KOWSARI (CA Bar 186899)
14 | ARENT FOX LLP
555 West Fifth Street, 48th Floor
15 | Los Angeles, CA 90013-1065
Telephone:  (213) 629-7400 / Facsimile:  (213) 629-7401
16 | Email:  stephen.larson@arentfox.com
            michael.kowsari@arentfox.com
17 | Attorneys for Defendants CREAM GROUP, INC.,
SAMI CHARCHIAN, and Relief Defendants
18 | SPRING ACRES, LLC, and BAHAREH RAMIN

19 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

20 |

21 | FEDERAL TRADE COMMISSION,

22 |                    Plaintiff,

23 |                    v.

24 |
25 | CREAM GROUP, INC., also d/b/a
Terra Nova, TNT, Inc., and CRM, Inc.,
26 | a California Corporation, *et al*.,

27 |                    Defendants.

28 |

Case No. CV 13-8843 JFW (PLAx)

**FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS CREAM GROUP, INC., AND SAMI CHARCHIAN AND FOR MONETARY RELIEF AS TO RELIEF DEFENDANTS SPRING ACRES, LLC, AND BAHAREH RAMIN**

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 1
Case No. CV-13-08843-JFW (PLAx)

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.  On December 3, 2013, the Court entered a temporary restraining order against Defendants (Doc. 20).  The Court entered a Stipulated Preliminary Injunction on January 9, 2014 (Doc. 32).  On April 2, 2014, the FTC amended its Complaint ("First Amended Complaint") (Doc. 58), adding claims against Relief Defendants Spring Acres, LLC, and Bahareh Ramin.  Through counsel, the Commission and Defendants Cream Group, Inc., and Sami Charchian ("Stipulating Defendants") and Relief Defendants Spring Acres, LLC, and Bahareh Ramin ("Relief Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment Against Defendants Cream Group, Inc., and Sami Charchian and for Monetary Relief as to Relief Defendants Spring Acres, LLC, and Bahareh Ramin ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The First Amended Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  The First Amended Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' deceptive acts or practices as

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 2
Case No. CV-13-08843-JFW (PLAx)

alleged therein, and disgorgement from Relief Defendants of all funds and assets received by them that are traceable to Defendants' unlawful acts or practices.

3.      Stipulating Defendants and Relief Defendants neither admit nor deny any of the allegations in the First Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Stipulating Defendants and Relief Defendants admit the facts necessary to establish jurisdiction.

4.      Stipulating Defendants and Relief Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order.  The Commission, Stipulating Defendants, and Relief Defendants shall each bear their own costs and attorney fees incurred in this action.

5.      Stipulating Defendants, Relief Defendants, and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.      Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

A.      "**Corporate Defendant**" means Cream Group, Inc., also d/b/a Terra Nova, TNT, Inc., and CRM, Inc., and its successors, assigns, affiliates, and subsidiaries.

B.      "**Defendants**" means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

C.      "**Electronic Data Host**" means any person or entity that stores, hosts, or otherwise maintains electronically-stored information.

D.      "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 3
Case No. CV-13-08843-JFW (PLAx)

not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

E.   "**Individual Defendants**" means Sami Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo; and John Charchian, a/k/a Djahangir Charchian and Jahangir John Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo, by whatever other names each may be known.

F.   "**Liquidator Receiver**" means the liquidator receiver appointed in this Order.  The term "Liquidator Receiver" also includes any deputy receivers as may be named by the Liquidator Receiver.

G.   "**Receiver**" means the permanent receiver appointed in the Stipulated Preliminary Injunction (Doc. 32).  The term "Receiver" also includes any deputy receivers as may be named by the Receiver.

H.   "**Receivership Defendant**" means Cream Group, Inc., also d/b/a Terra Nova, TNT, Inc., and CRM, Inc., and its successors, assigns, affiliates, and subsidiaries, including, but not limited to, Applied Design Services, Inc., and CA Mart, and any related d/b/a used by any of the Individual Defendants, including, but not limited to, Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo, and each of them by whatever names each might be known.

I.   "**Relief Defendants**" means Bahareh Ramin and Spring Acres, LLC, and its successors, assigns, subsidiaries, affiliates.

J.   "**Stipulating Defendants**" means Corporate Defendant and Individual Defendant Sami Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo.

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 4
Case No. CV-13-08843-JFW (PLAx)

K.   "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.  The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation.  For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

## ORDER

## I.   PERMANENT BAN ON TELEMARKETING

IT IS ORDERED that Stipulating Defendants are permanently restrained and enjoined from participating in Telemarketing, or assisting others engaged in Telemarketing, whether directly or through an intermediary.

## II.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of, any good or service, are permanently restrained and enjoined from misrepresenting, or

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 5
Case No. CV-13-08843-JFW (PLAx)

assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, the following:

    A.    That consumers will receive:

        1.    Well-known or brand-name merchandise; or

        2.    Merchandise at low or wholesale prices;

    B.    That consumers who pay for or accept additional shipments of merchandise will receive:

        1.    The well-known or brand-name goods they ordered; or

        2.    A refund of the amount they paid;

    C.    That any adverse action will be taken against any consumer, including, but not limited to, legal actions, fines, damage to consumers' credit history, garnishment of income and bank accounts, arrest, or reporting consumers to immigration authorities;

    D.    Any material aspect of the performance, efficacy, nature, or central characteristics of any good or service, including, but not limited to, the quality or manufacturer of merchandise;

    E.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, that customers will be granted refunds if they pay for additional goods;

    F.    The total costs to purchase, receive, or use, or the quantity of, goods or services; and

    G.    Any material restriction, limitation, or condition on purchasing, receiving, or using a good or service.

### III.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 6
Case No. CV-13-08843-JFW (PLAx)

A.    Judgment in the amount of Five Million, One Hundred Seventy Thousand, Nine Hundred Fifty Three Dollars ($5,170,953.00.) is entered in favor of the Commission against Stipulating Defendants, jointly and severally.

B.    Stipulating Defendants and Relief Defendants are ordered to pay to the Commission as follows:

1.    Within twenty four (24) months of entry of this Order, Individual Defendant Sami Charchian must secure and pay to the Commission the amount of Six Hundred Fifty Thousand Dollars ($650,000.00).  Payment shall be made to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

2.    Within seven (7) days of entry of this Order, Individual Defendant Sami Charchian and Relief Defendants shall take the following actions with respect to the following real properties (collectively the "Real Property"): (1) 5037 Opal Ave., Palmdale, California 93552; (2) 2559 W. Paxton Ave., Palmdale, California 93551; (3) 2537 Wicopy Court, Palmdale, California 93551; (4) 5776 Expedition Way, Palmdale, California 93552; (5) 3709 Saddleback Drive, Palmdale, California 93552; and (6) 3222 Rollingridge Ave., Palmdale, California 93550; including, but not limited to, the land, buildings, and any and all fixtures, appurtenances, and improvements, except anything owned by a tenant or third party and not owned by Individual Defendant Sami Charchian or Relief Defendants:

a.    Transfer possession, custody, and control of the Real Property to the Liquidator Receiver.  The Liquidator Receiver shall be permitted to list the Real Property for sale upon entry of this Order;

b.    Authorize the sale of the Real Property to be conducted in the manner described in this Subsection III.B.  All net proceeds of that sale, after all

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 7
Case No. CV-13-08843-JFW (PLAx)

necessary expenses of the Liquidator Receiver are paid pursuant to Section V. of this Order, shall be paid to the Commission;

c.      Represent and warrant that they are the sole owners of the Real Property and that they have the authority to sell the Real Property;

d.      Represent and acknowledge that the properties identified in this Subsection III.B. are currently unencumbered by any other lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest except as disclosed to the Commission in the financial representations referenced in Subsection III.D.;

e.      Cooperate fully with the Liquidator Receiver and take such other steps as the Liquidator Receiver may require in connection with the listing, marketing, and sale of the Real Property;

f.      Within five (5) days after entry of this Order take all steps requested by the Liquidator Receiver to assist and cooperate with the Liquidator Receiver in the sale of the Real Property, including the provision of all documents, contracts, and leases related to the Real Property, and any utility bills and account information, including any passwords necessary to change such accounts;

g.      Sign any documents necessary for the sale of the Real Property, including, but not limited to, any powers of attorney that the Liquidator Receiver may request them to sign in connection with the sale of the Real Property and any documents necessary for the transfer of the Real Property to new buyers, as well as any documents necessary to transfer any accounts, mail, or notices related to the Real Property to the Liquidator Receiver;

h.      Cooperate fully and not interfere with the Liquidator Receiver's efforts to enter onto, market, and sell the Real Property, including, but not limited to, the Liquidator Receiver's efforts to gain access to and show the

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 8
Case No. CV-13-08843-JFW (PLAx)

1  Real Property to prospective purchasers or brokers or to evaluate or cause its

2  agents, representatives, or contractors to maintain, repair, restore, and evaluate the

3  condition of the property from the entry of this Order and thereafter.  Upon

4  request of the Liquidator Receiver, Defendant Sami Charchian and Relief

5  Defendants shall provide a set of all keys and/or codes used for the Real Property

6  to the Liquidator Receiver and/or its agent(s);

7          i.      Until possession, custody, and control of the Real Property is

8  transferred to the Liquidator Receiver, maintain property and liability insurance

9  on the Real Property for at least its replacement value; remain current on all

10  amounts due and payable on the Real Property, including, but not limited to,

11  taxes, utilities, reasonable and necessary maintenance, homeowner's assessments,

12  sewer and/or water use charges and similar fees; and promptly provide the

13  Commission and the Liquidator Receiver with written paid receipts to the

14  satisfaction of Commission representatives and the Liquidator Receiver upon the

15  transfer of the Real Property.  In the event that the Real Property suffers any loss

16  or damage covered by any applicable insurance policy prior to the transfer of the

17  Real Property to the Liquidator Receiver, Individual Defendant Sami Charchian

18  and Relief Defendant Bahareh Ramin shall make such claims as are permitted by

19  the insurance policy and shall assign or remit any insurance payment they receive

20  as a result of such loss or damage to the Commission.  Upon transfer of

21  possession, custody, and control of the Real Property to the Liquidator Receiver,

22  the Liquidator Receiver shall maintain property and liability insurance and use its

23  best efforts to include Individual Defendant Sami Charchian and Relief

24  Defendants as additional insured parties until such time as they no longer own and

25  maintain title to the Real Property.  Nothing in this Order requires Individual

26  Defendant Sami Charchian or Relief Defendants to pay any amount relating to or

27  concerning the Real Property, including, but not limited to, any taxes, insurance,

28

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 9
Case No. CV-13-08843-JFW (PLAx)

homeowner's assessments, maintenance, and similar fees, arising or incurred after Individual Defendant Sami Charchian and Relief Defendants transfer possession, custody, and control of the Real Property to the Liquidator Receiver;

j.    Take no action to diminish or encumber the value of the Real Property;

k.    Upon entry of this Order, notify all tenants in the Real Property as follows:

(i)    that a Liquidator Receiver has been appointed to sell the Real Property and is in charge of the Real Property;

(ii)    that all rents shall be paid to the Liquidator Receiver;

(iii)    that all requests concerning the Real Property should be made to the Liquidator Receiver; and

(iv)    that they are required to cooperate with the Liquidator Receiver;

l.    Upon transfer of possession, custody, and control of the Real Property to the Liquidator Receiver, which transfer shall occur within seven (7) days of entry of this Order, Individual Defendant Sami Charchian and Relief Defendants shall no longer receive any rent, or anything of value, for the Real Property, and shall immediately turn over any rents received since entry of this Order to the Liquidator Receiver;

m.    Within seven (7) days of entry of this Order, transfer to the Liquidator Receiver any security deposits or other payments that any tenants of the Real Property have paid to or deposited with Individial Defendant Sami Charchian and Relief Defendants in connection with any leases or contracts with respect to the Real Property;

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 10
Case No. CV-13-08843-JFW (PLAx)

n.      Within three (3) days after entry of this Order, provide a list to the Liquidator Receiver setting forth the names of all tenants in the Real Property and their contact information, including any phone numbers and e-mail addresses;

o.      Upon sale of the Real Property, forever waive, release, discharge, and disclaim all right, title, and interest, including any homestead, in the Real Property;

p.      All ad valorem taxes, any transfer fees, recording fees, other fees, advertising, and any commissions associated with or resulting from the sale of the Real Property shall be paid from the proceeds of the sale at the time the Real Property is sold; and

q.      In no way profit from the sale of the Real Property, including by sharing in any sales commission or fee, or by receiving anything of value in kind.

3.      Within seven (7) days of the date of entry of this Order, Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall promptly take all steps necessary to sell the following vehicles: (i) a 2009 Mercedes-Benz AMG and (ii) a 2008 Murc 640 Lamborghini (collectively the "Vehicles") for fair market value to a third-party buyer, and pay to the Commission the proceeds of the sale, after paying off any existing loan or other monetary obligation owed on the Vehicles, subject to the following:

a.      Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin represent that no encumbrances have been added to the vehicles since the Court's entry of the Temporary Restraining Order on December 3, 2013, and that they will not add any such encumbrances after signing this Order, except as needed to secure their performance under this Subsection.

b.      Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall keep the Vehicles in conditions suitable for showing to

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 11
Case No. CV-13-08843-JFW (PLAx)

prospective purchasers; sign the contracts for sale of the Vehicles; sign all documents necessary or appropriate for the transfer of the Vehicles to new buyers, and comply with any reasonable requests from Commission representatives related to those sales;

    c.  Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall immediately transfer, by electronic fund transfer in accordance with instructions provided by a representative of the Commission, the proceeds from the sale of each of the Vehicles to the Commission within three (3) days from the date of sale;

    d.  If, after four (4) months from the date of entry of this Order, any of the Vehicles have not been sold, Individual Defendant Sami Charchian Relief Defendant Bahareh Ramin shall immediately retain an auction company, and direct such auction company to sell each property at a public auction.  Any and all costs associated with the auction of the Vehicles shall be deducted from the proceeds of such sales.  All net proceeds shall be paid to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission within three (3) days of the date of auction. Any sheriff, title company, or other person involved in such sale or auction may rely on this Order as authority to deliver the net proceeds to the Commission;

    e.  As long as any of the Vehicles are owned by Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin, they shall be maintained in good working order and in the same condition as of the date of the entry of the Temporary Restraining Order on December 3, 2013, and Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall take no action to diminish or encumber their value;

    f.  Until Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin transfer the proceeds of the sale of the Vehicles to the

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 12
Case No. CV-13-08843-JFW (PLAx)

Commission, they shall remain current on all amounts due and payable on the Vehicles, including, but not limited to, tax, insurance, reasonable and necessary maintenance, registration, and similar fees.  Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall cause existing insurance coverage for the Vehicles to remain in force until the transfer of ownership.  In the event that the Vehicles suffer any loss or damage covered by such insurance policy, Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall make such claims as are permitted by the insurance policy and shall assign or remit any insurance payment they receive as a result of such loss or damage to the Commission;

       g.     Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin shall in no way profit from the sale of the Vehicles, including by sharing in any sales commission or fee, or by receiving anything of value in kind; and

       h.     Upon sale of the Vehicles, Individual Defendant Sami Charchian and Relief Defendant Bahareh Ramin forever waive, release, discharge, and disclaim all right, title, and interest in the Vehicles.

    C.     Stipulating Defendants grant to the Commission all rights and claims they have to any assets currently in the possession, custody, or control of the Receiver, including, but not limited to, all funds transferred to the Receiver from the following accounts:

       a.     JP Morgan Chase account ending 7023, held in the name of Applied Design Services, Inc.;

       b.     JP Morgan Chase account ending 7487, held in the name of Cream Group, Inc.;

       c.     US Bank account ending 7268, held in the name of Cream Group, Inc.;

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 13
Case No. CV-13-08843-JFW (PLAx)

1          d.       Bank of America account ending 2431, held in

2    the name of Oro Marketing, Inc.; and

3          e.       Bank of America account ending 3598, held in

4    the name of Oro Marketing, Inc.

5          D.       Upon completion of all obligations under Subsections III.B. through

6    III.C., above, including all asset transfers and payments, the remainder of the

7    judgment set forth in Subsection III.A. is suspended, subject to the following:

8          1.       The Commission's agreement to the suspension of part of the

9    judgment is expressly premised upon the truthfulness, accuracy, and completeness

10   of Stipulating Defendants' sworn financial statements and related documents

11   (collectively, "financial representations") submitted to the Commission, namely:

12          a.       the sworn Corporate Financial Statement of Cream

13                   Group, Inc., signed on October 1, 2014, including all

14                   attachments and enclosures, submitted by counsel for

15                   Corporate Defendant Cream Group, Inc., via Secure File

16                   Transfer on October 1, 2014, at 5:18 pm;

17          b.       the sworn Individual Financial Statement of Individual

18                   Defendant Sami Charchian, signed on December 30,

19                   2013, including all attachments and enclosures,

20                   submitted by counsel for Individual Defendant Sami

21                   Charchian via email on December 30, 2013, at 3:30 pm,

22                   and as amended and signed on October 1, 2014,

23                   including all attachments and enclosures, submitted by

24                   counsel for Individual Defendant Sami Charchian via

25                   Secure File Transfer on October 1, 2014, at 5:18 pm,

26                   and further amended via email on October 2, 2014 at

27                   2:58 pm;

28   STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 14
     Case No. CV-13-08843-JFW (PLAx)

c.  all documents and information submitted by counsel for Individual Defendant Sami Charchian via email on September 15, 2014, at 9:26 am, including an appraisal for Individual Defendant Sami Charchian's residence in Los Angeles, California;

d.  all documents and information submitted by counsel for Individual Defendant Sami Charchian via email on August 27, 2014, at 2:49 pm, including photographs of Individual Defendant Sami Charchian's residence in Los Angeles, California;

e.  all documents and information submitted by counsel for Individual Defendant Sami Charchian via email on January 23, 2014, at 10:26 am, including information concerning the payment of property taxes;

f.  all documents and information submitted by counsel for Individual Defendant Sami Charchian via email on January 22, 2014, at 4:52 pm, including information concerning the payment of homeowners' insurance and property taxes; and

g.  Stipulating Defendants' representations that none of the properties described in Subsections III.B., above, are currently encumbered by any other lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest, except as disclosed in the financial representations identified above.

2.  The suspension of the judgment will be lifted as to Stipulating Defendants if, upon motion by the Commission, the Court finds that Stipulating

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 15
Case No. CV-13-08843-JFW (PLAx)

Defendants failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above; and

>    3.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to Stipulating Defendants in the amount specified in Subsection III.A., above, less any payment previously made pursuant to this Section III., plus any interest computed from the date of entry of this Order.

## IV.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Stipulating Defendants and Relief Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 16
Case No. CV-13-08843-JFW (PLAx)

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the First Amended Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendants and Relief Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.     The Preliminary Injunction's freeze of the Stipulating Defendants' and Relief Defendants' assets shall remain in effect until the assets have been transferred in accordance with Subsections III.B. – C.  *Provided, however*, that the asset freeze may be lifted as to the Stipulating Defendants and Relief Defendants to the extent necessary to comply with the transfer and turnover requirements of Subsections III.B. – C.  Upon compliance with the transfer and turnover requirements of Subsections III.B. – C., the freeze on the assets of Individual Defendant Sami Charchian and Relief Defendants pursuant to the Stipulated Preliminary Injunction entered in this action is lifted.

## V.    APPOINTMENT AND DUTIES OF LIQUIDATOR RECEIVER

IT IS FURTHER ORDERED that the Permanent Receiver in this matter, is appointed as Liquidator Receiver, with all the rights and powers of an equity receiver, over the Real Property listed in Subsection III.B.2.

A.     As soon as reasonably possible, the Liquidator Receiver shall, at reasonable cost and in a commercially reasonable fashion, liquidate, without further approval from the Court, the Real Property for fair market value.

B.     Upon Individual Defendant Sami Charchian's and Relief Defendants' transfer of possession, the Liquidator Receiver shall assume responsibility for management and maintenance of the Real Property, including, but not limited to, making disbursements for operating expenses as may be appropriate, undertaking repairs, procuring appropriate insurance or modifying existing insurance, making payment for all amounts due and payable on the Real Property, including, but not limited to, taxes, insurance, homeowner's assessments, reasonable and necessary maintenance, and similar fees, and making payments for and taking any other actions necessary to efficiently manage the Real Property and to maintain their value.

C.     The Liquidator Receiver shall have all necessary powers to manage and maintain the Real Property, including without limitation, the following powers and responsibilities:

1.     To take possession of the Real Property;

2.     To employ such counsel, real estate agents, auctioneers, appraisers, accountants, contractors, other professionals, and other such persons, including maintenance and repair persons, as may be necessary in order to carry out its duties as Liquidator Receiver and to preserve, maintain, and protect the Real Property;

3.     To determine or abrogate, in the Liquidator Receiver's sole sound business discretion, any and all agreements, contracts, understandings, or commitments entered into by Individual Defendant Sami Charchian and Relief Defendants with respect to the Real Property to the extent permitted by law;

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 18
Case No. CV-13-08843-JFW (PLAx)

4.     To open new accounts with, or negotiate, compromise or otherwise modify Individual Defendant Sami Charchian's and Relief Defendants' existing obligations to third parties, including utility companies, secured creditors, other service providers or suppliers of goods and services related to the Real Property, and to otherwise enter into such agreements, contracts, or understanding with such third parties as are necessary to maintain, preserve, and protect the Real Property;

5.     To open new bank accounts with respect to the Liquidator Receiver's management and operation of the Real Property; and

6.     To rent the Real Property to third parties, until the Real Property is sold.

D.     The Liquidator Receiver shall keep a true and accurate account of any and all receipts and expenditures and periodically file with the Court a Liquidatorship Report under oath, accurately identifying all such revenues received and expenditures made, including adequately detailed information concerning income, expenses, payables, and receivables.  These periodic filings shall be served by the Liquidator Receiver on the Commission and Stipulating Defendants' and Relief Defendants' counsel.

E.     Any and all sums collected by the Liquidator Receiver over and above those necessary to manage and maintain the Real Property or those necessary to make payments authorized by this Order shall be paid to the Commission.

F.     The Liquidator Receiver is entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by it.  The Liquidator Receiver's compensation and the compensation of any persons hired by it are to be paid solely from the proceeds of the sale of the Real Property and other sums collected by the Liquidator Receiver

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 19
Case No. CV-13-08843-JFW (PLAx)

pursuant to this Section V., and such payments shall have priority over all other distributions except for any transfer fees, recording fees, or other payments owed through the transfer of the Real Property at the time of their sale.  The Liquidator Receiver shall file with the Court and serve on the Commission and Individual Defendant Sami Charchian and Relief Defendants periodic requests for the payment of such reasonable compensation.  The Liquidator Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

G.      The Liquidator Receiver shall file its final application for fees, complete liquidation, and terminate its service within twelve (12) months of the execution of this Order unless good cause is shown to extend beyond twelve (12) months.

H.      Upon the final transfer of all funds to the Commission pursuant to this Section, the duties of the Liquidator Receiver shall terminate.

I.      The powers and duties of the Liquidator Receiver under this Order are in addition to, and not in lieu of, its powers and duties as the Court-appointed Receiver in this matter.  Nothing in Sections III. or V. of this Order shall be construed to, nor does, limit the powers and duties of the Receiver as set forth in the prior Orders of this Court in this litigation, which powers and duties shall continue until the termination of the entire Receivership in this litigation.  Further, nothing in this Order limits the obligations of any Defendant or third party to cooperate with the Receiver as set forth in the Court's prior Orders until termination of the entire Receivership.

## VI.      CONTINUATION OF RECEIVERSHIP

IT IS FURTHER ORDERED that the Receiver shall continue to exercise its full powers, including, but not limited to, those powers set forth in the Preliminary Injunction, and including full liquidation powers.  The Receiver is

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 20
Case No. CV-13-08843-JFW (PLAx)

directed to wind down the Corporate Defendant and liquidate, for fair market value, any assets of the Corporate Defendant that the Receiver obtained pursuant to the Preliminary Injunction as well as any other assets of the Receivership.  To the extent that the assets of the Receivership estate are insufficient to cover the Court-approved costs of the Receiver, the Receiver may recover its Court-approved costs from the assets of the Liquidator Receivership.  The Receiver must complete all remaining actions concerning the Receivership over the Corporate Defendant and terminate the receivership over them within 180 days after entry of the final order resolving the Commission's claims against the last Defendant in this action.  Provided, however, that any party or the Receiver may request that the Court extend that Receiver's term for a specified term for good cause.  Upon termination of the receivership, and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## VII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days;

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 21
Case No. CV-13-08843-JFW (PLAx)

number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of goods or services; and

C.     Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.  *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.     PROHIBITION ON COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any good or service from any Defendant.

## IX.     ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Stipulating Defendants obtain acknowledgements of receipt of this Order:

A.     Each Stipulating Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 22
Case No. CV-13-08843-JFW (PLAx)

B.     For five (5) years after entry of this Order, Individual Defendant Sami Charchian, for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the section of this Order titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## X.     COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendants make timely submissions to the Commission:

A.     One (1) year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant Sami Charchian must describe if he knows or should know due to his own involvement); (d) describe in detail

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 23
Case No. CV-13-08843-JFW (PLAx)

whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Individual Defendant Sami Charchian must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.      Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant Sami Charchian must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 24
Case No. CV-13-08843-JFW (PLAx)

C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  *FTC v. Cream Group, Inc., et al.* (FTC Matter No. X140010).

## XI.     RECORDKEEPING

IT IS FURTHER ORDERED that Stipulating Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Corporate Defendant and Individual Defendant Sami Charchian for any business that he, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 25
Case No. CV-13-08843-JFW (PLAx)

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of all scripts, training materials, unique advertisements, or other marketing materials.

## XII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, and any failure to transfer any assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by the Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.  Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 22nd day of December, 2014.**

_____
U.S. District Judge John F. Walter

//

//

//

//

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 27
Case No. CV-13-08843-JFW (PLAx)