JS -6

1   JONATHAN E. NUECHTERLEIN
    General Counsel
2   CHARLES A. HARWOOD
    Regional Director
3   LAURA M. SOLIS (WA Bar No. 36005)
    Email: lsolis@ftc.gov
4   JULIE K. MAYER (WA Bar No. 34638)
    Email: jmayer@ftc.gov
5   SOPHIE H. CALDERÓN (CA Bar No. 78135)
    Email: scalderon@ftc.gov
6   Federal Trade Commission
    915 Second Avenue, Suite 2896
7   Seattle, WA 98174
    Telephone: (206) 220-6350 / Facsimile: (206) 220-6366
8   RAYMOND E. McKOWN (CA Bar No. 150975)
    Email: rmckown@ftc.gov
9   Federal Trade Commission
    10877 Wilshire Blvd., Suite 700
10  Los Angeles, CA 90024
    Telephone:  (310) 824-4325 / Facsimile: (310) 824-4380
11
    Attorneys for Plaintiff
12  Federal Trade Commission
13  REZA SINA (CA Bar No. 250428)
    reza@sinalawgroup.com
14  SINA LAW GROUP
    1543 Seventh Street, 3rd Floor
15  Santa Monica, CA  90401
    Telephone:  (310) 957-2057 / Facsimile:  (425) 409-0763
16  Attorney for Defendant JOHN CHARCHIAN

17              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
18

19  FEDERAL TRADE COMMISSION,          | Case No. CV 13-8843 JFW (PLAx)

20                Plaintiff,           | **FINAL ORDER FOR PERMANENT
                                       | INJUNCTION AND MONETARY
21           v.                        | JUDGMENT AGAINST
                                       | DEFENDANT JOHN CHARCHIAN**
22

23  CREAM GROUP, INC., also d/b/a
    Terra Nova, TNT, Inc., and CRM, Inc.,
24  a California Corporation, *et al.*,

25                Defendants.

26

27

28
    STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 1
    Case No. CV-13-08843-JFW (PLAx)

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.  On December 3, 2013, the Court entered a temporary restraining order against Defendants (Doc. 20).  The Court entered a Stipulated Preliminary Injunction on January 9, 2014 (Doc. 32). On April 2, 2014, the FTC amended its Complaint ("First Amended Complaint") (Doc. 58), adding claims against Relief Defendants Spring Acres, LLC, and Bahareh Ramin.  Through counsel, the Commission and John Charchian ("Stipulating Defendant") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment Against Defendant John Charchian ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The First Amended Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  The First Amended Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' deceptive acts or practices as alleged therein, and disgorgement from Relief Defendants of all funds and assets received by them that are traceable to Defendants' unlawful acts or practices.

3.      Stipulating Defendant neither admits nor denies any of the allegations in the First Amended Complaint, except as specifically stated in this

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 2
Case No. CV-13-08843-JFW (PLAx)

Order.  Only for purposes of this action, Stipulating Defendant admits the facts necessary to establish jurisdiction.

4.      Stipulating Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order.  The Commission and Stipulating Defendant shall each bear their own costs and attorney fees incurred in this action.

5.      Stipulating Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A.      "**Corporate Defendant**" means Cream Group, Inc., also d/b/a Terra Nova, TNT, Inc., and CRM, Inc., and its successors, assigns, affiliates, and subsidiaries.

B.      "**Defendants**" means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

C.      "**Individual Defendants**" means Sami Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo; and John Charchian, a/k/a Djahangir Charchian and Jahangir John Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo, by whatever other names each may be known.

D.      "**Receiver**" means the permanent receiver appointed in the Stipulated Preliminary Injunction (Doc. 32).  The term "Receiver" also includes any deputy receivers as may be named by the Receiver.

E.      "**Receivership Defendant**" means Cream Group, Inc., also d/b/a Terra Nova, TNT, Inc., and CRM, Inc., and its successors, assigns, affiliates, and

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 3
Case No. CV-13-08843-JFW (PLAx)

subsidiaries, including, but not limited to, Applied Design Services, Inc., and CA Mart, and any related d/b/a used by any of the Individual Defendants, including, but not limited to, Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo, and each of them by whatever names each might be known.

F.    **"Relief Defendants"** means Bahareh Ramin and Spring Acres, LLC, and its successors, assigns, subsidiaries, affiliates.

G.    **"Stipulating Defendant"** means Individual Defendant John Charchian, also d/b/a Oro Marketing, Inc., Modo, Modo Industry, Oro Max, Casa de Oro, Casa de Moda, Oro Mundo, and Nation/Modo.

H.    "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.  The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation.  For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

## I.   PERMANENT BAN ON TELEMARKETING

IT IS ORDERED that Stipulating Defendant is permanently restrained and enjoined from participating in Telemarketing to consumers, or assisting others engaged in Telemarketing to consumers, whether directly or through an intermediary.

## II.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of, any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, the following:

A.   That consumers will receive:

    1.   Well-known or brand-name merchandise; or

    2.   Merchandise at low or wholesale prices;

B.   That consumers who pay for or accept additional shipments of merchandise will receive:

    1.   The well-known or brand-name goods they ordered; or

    2.   A refund of the amount they paid;

C.   That any adverse action will be taken against any consumer, including, but not limited to, legal actions, fines, damage to consumers' credit history, garnishment of income and bank accounts, arrest, or reporting consumers to immigration authorities;

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 5
Case No. CV-13-08843-JFW (PLAx)

D.     Any material aspect of the performance, efficacy, nature, or central characteristics of any good or service, including, but not limited to, the quality or manufacturer of merchandise;

E.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, that customers will be granted refunds if they pay for additional goods;

F.     The total costs to purchase, receive, or use, or the quantity of, goods or services; and

G.     Any material restriction, limitation, or condition on purchasing, receiving, or using a good or service.

## III.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) is entered in favor of the Commission against Stipulating Defendant as equitable monetary relief.

B.     Stipulating Defendant is ordered to pay to the Commission as follows:

1.     Stipulating Defendant is ordered to pay to the Commission Three Hundred Seventy Five Thousand Dollars ($375,000.00), which, as Stipulating Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 120 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

2.     Stipulating Defendant grants to the Commission all rights and claims he has to any assets currently in the possession, custody, or control of the Receiver, including, but not limited to, all funds transferred to the Receiver from the following accounts:

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 6
Case No. CV-13-08843-JFW (PLAx)

1          a.        JP Morgan Chase account ending 7023, held in
2  the name of Applied Design Services, Inc.;

3          b.        JP Morgan Chase account ending 7487, held in
4  the name of Cream Group, Inc.;

5          c.        US Bank account ending 7268, held in the name
6  of Cream Group, Inc.;

7          d.        Bank of America account ending 2431, held in
8  the name of Oro Marketing, Inc.; and

9          e.        Bank of America account ending 3598, held in
10  the name of Oro Marketing, Inc.

## IV.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Stipulating Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendant previously submitted to the Commission, may be used for

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 7
Case No. CV-13-08843-JFW (PLAx)

collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the First Amended Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.    The Preliminary Injunction's freeze of the Stipulating Defendant's assets shall remain in effect until the assets have been transferred in accordance with Subsection III.B.  *Provided, however*, that the asset freeze may be lifted as to the Stipulating Defendant to the extent necessary to comply with the transfer and turnover requirements of Subsection III.B.  Upon compliance with the transfer and turnover requirements of Subsection III.B, the freeze on the assets of Stipulating Defendant pursuant to the Stipulated Preliminary Injunction entered in this action is lifted.

## V.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 8
Case No. CV-13-08843-JFW (PLAx)

notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within fourteen (14) days;

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of goods or services; and

C.     Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.  *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.   PROHIBITION ON COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 9
Case No. CV-13-08843-JFW (PLAx)

enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any good or service from any Defendant.

## VII. ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Stipulating Defendant obtain acknowledgements of receipt of this Order:

A. Stipulating Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, Stipulating Defendant, for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the section of this Order titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendant make timely submissions to the Commission:

A. One (1) year after entry of this Order, Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 10
Case No. CV-13-08843-JFW (PLAx)

1.     Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, Stipulating Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For ten (10) years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation,

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 11
Case No. CV-13-08843-JFW (PLAx)

merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Stipulating Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Stipulating Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  *FTC v. Cream Group, Inc., et al.* (FTC Matter No. X140010).

## IX.   RECORDKEEPING

IT IS FURTHER ORDERED that Stipulating Defendant must create certain records for ten (10) years after entry of the Order, and retain each such

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 12
Case No. CV-13-08843-JFW (PLAx)

record for five (5) years.  Specifically, Stipulating Defendant, for any business that he, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of all scripts, training materials, unique advertisements, or other marketing materials.

## X.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, and any failure to transfer any assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission, Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by the Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 13
Case No. CV-13-08843-JFW (PLAx)

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI.     RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 22nd day of December, 2014.**

_____
U.S. District Judge John F. Walter

STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION - 14
Case No. CV-13-08843-JFW (PLAx)